UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE RICHARD SLICKER,

    Plaintiff,

                      CASE NO. 2:09-CV-11217
                      JUDGE NANCY G. EDMUNDS
                      MAGISTRATE JUDGE PAUL J. KOMIVES

v.

SOUTHWEST AIRLINES,

    Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S COMPLAINT (Doc. Ent. 1) and DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO STRIKE PLEADINGS (Doc. Ent. 4)

**I.    RECOMMENDATION:** The Court should dismiss this complaint (Doc. Ent. 1) in accordance with E.D. Mich. LR 41.2 for plaintiff's failure to respond to the Court's May 11, 2009 show cause order. Alternatively, the Court should grant defendant's Fed. R. Civ. P. 12(e) motion for more definite statement and deny without prejudice the Fed. R. Civ. P. 12(f) motion to strike pleadings (Doc. Ent. 4).

**II.    REPORT**:

**A.    Background**

On April 1, 2009, Duane Richard Slicker filed this pro se complaint against Southwest Airlines. Doc. Ent. 1. The complaint is based upon injuries allegedly incurred during an August 8, 2007, Southwest Airlines flight from Chicago to Detroit. Doc. Ent. 1 at 1 Sent. Nos. 1-10.

Defendant was served with the summons and complaint on April 6, 2009. Doc. Ent. 2 at 2-3; Doc. Ent. 4 at 2 ¶ 2; Doc. Ent. 4 at 5. Therefore, an answer was due on or about April 27,

2009.  Fed. R. Civ. P. 6(a)(1)(C), Fed. R. Civ. P. 12(a)(1)(A)(I).[1]

B.	**Defendant's Motion for More Definite Statement and to Strike Pleadings**

On April 24, 2009, defendant filed a motion for more definite statement and motion to strike pleadings.  Doc. Ent. 4.  Defendant claims that plaintiff's complaint does not comply with Fed. R. Civ. P. 10(b).  Doc. Ent. 4 at ¶ 4.  Therefore, defendant claims, it cannot prepare and file "an answer that complies with the requirements of the Federal Rules of Civil Procedure."  Doc. Ent. 4 at 3 ¶ 5.  Defendant seeks "a more definite statement pursuant to [Fed. R. Civ. P.] 12(e) so that [it] can prepare a proper answer."  Doc. Ent. 4 at 3 ¶ 6.

Furthermore, defendant notes that plaintiff's complaint "contains several references to the Defendant's insurance carrier, US Aviation Underwriters, Inc.[,]" and "references alleged 'offers to settle' to Plaintiff."  Doc. Ent. 4 at 3 ¶¶ 7, 10.  Referring to Fed. R. Evid. 411 and M.R.E. 408, defendant argues that "the Plaintiff's statements regarding the Defendant's insurer as contained in its Complaint are improper and must be stricken pursuant to [Fed. R. Civ. P.] 12(f)[,]" and "the Plaintiffs' statements in his Complaint regarding the alleged offer to compromise are improper and should be stricken pursuant to [Fed. R. Civ. P.] 12(f)."  Doc. Ent. 4 at 3 ¶¶ 8-9, 11-12.

On May 11, 2009, I entered a scheduling order setting the deadline for plaintiff's response to defendant's motion for more definite statement and motion to strike pleadings for May 26, 2009.  Doc. Ent. 8.

---

[1] Defendant points out that "[u]nless the court sets a different time, serving a motion under [Rule 12] alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action; or (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 10 days after the more definite statement is served." Fed. R. Civ. P. 12(a)(4); Doc. Ent. 4 at 7.

**C.     Judge Edmunds's Show Cause Order**

On April 24, 2009, the same day defendant filed its motion, Judge Edmunds referred this case to me to conduct all pretrial proceedings.  Doc. Ent. 6.  However, on May 11, 2009, Judge Edmunds entered an order to show cause.

Specifically, the order required plaintiff to show cause in writing within twenty (20) days, "why this cause should not be dismissed for lack of federal jurisdiction, i.e. failure to properly allege both the place of incorporation and principal place of business of Defendant, as required by 28 U.S.C. § 1332(c)[,]" and "why this cause should not be dismissed for failure to meet the jurisdictional amount in controversy requirement, as set forth in 28 U.S.C. § 1332(a) and Local Court Rule 81.1."  Doc. Ent. 7 at 1.[2]

**D.     Analysis**

Despite my May 11, 2009 scheduling order, which permitted plaintiff until May 26, 2009, by which to file a response to defendant's motion for more definite statement and to strike pleadings, and despite Judge Edmunds's May 11, 2009 show cause order, plaintiff has failed to file anything in this matter since his April 1, 2009 complaint (Doc. Ent. 1) and his April 14, 2009 certificate of service of the summons and complaint upon defendant (Doc. Ent. 2).

**1.**     The Court should dismiss this case for plaintiff's failure to comply with the Court's May 11, 2009 show cause order regarding jurisdiction.  E.D. Mich. LR 41.2 provides that "[s]ubject

---

[2]E.D. Mich. LR 81.1 governs the removal of diversity actions.  In part, it provides that "[i]f a plaintiff moves to remand, contending that the amount in controversy does not exceed the required jurisdictional amount, *the plaintiff must include with the motion a signed statement of damages claimed, itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and a detailed description of the factual basis for the estimate*."  E.D. Mich. LR 81.1(d) (emphasis added).

to Fed. R. Civ. P. 23(e) and LR 81.1, when it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown.  An application for a continuance or pending discovery may not preclude a dismissal for failure to prosecute."

The complaint's case caption identifies defendant Southwest Airlines as "a Texas Company."  Doc. Ent. 1 at 1.  The Civil Cover Sheet indicates that jurisdiction is based upon diversity, defendant is incorporated and has its principal place of business in another state, and the demand is $500,000.00.  Doc. Ent. 1 at 4.

Still, the complaint itself does not contain a "short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1).  The complaint should state the jurisdictional basis, such as 28 U.S.C. § 1331 ("Federal question") or 28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs").  Judge Edmunds's show cause order essentially required plaintiff to elaborate on Southwest's citizenship (Section 1332(c)) and the amount in controversy (Section 1332(a)).  This plaintiff did not do.

Judge Edmunds's May 11, 2009 show cause order provided that it "constitute[d] notice under Local Rule 41.2 of the Local Rules for the Eastern District of Michigan of the Court's intention to dismiss this case on its own motion for lack of federal jurisdiction, unless Plaintiff can demonstrate that the Court does have jurisdiction in this case."  Doc. Ent. 7 at 1-2.  In the absence of a response to Judge Edmunds's May 11, 2009 show cause order, the Court should dismiss this complaint.

**2.**     Alternatively, the Court should grant defendant's Fed. R. Civ. P. 12(e) motion for a more

definite statement to the extent it requests that plaintiff be required "to file a more definite statement of his Complaint that complies with the provisions of [Fed. R. Civ. P.] 10(b)[.]"  Doc. Ent. 4 at 3, 8.  Fed. R. Civ. P. 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).  Defendant contends that plaintiff's complaint "is vague and ambiguous[.]"  Doc. Ent. 4 at 6.

Plaintiff's April 1, 2009 complaint does not comply with several Federal Rules of Civil Procedure.  First, plaintiff's April 1, 2009 complaint does not comply with Fed. R. Civ. P. 10(b).  Rule 10(b) provides in part that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Yet, plaintiff's complaint is one continuous paragraph, thirty-six (36) sentences in length.  Doc. Ent. 1 at 1-3.  The Court should agree that "[p]laintiff's one paragraph, 36 sentence Complaint does not fairly allow the Defendant to prepare an answer that complies with the Federal Rules of Civil Procedure."  Doc. Ent. 4 at 6.  *See, i.e.*, Fed. R. Civ. P. 8(b) ("Defenses; Admissions and Denials.").

Second, as discussed in the previous section and as addressed by Judge Edmunds in her show cause order, the complaint itself (as opposed to the civil cover sheet) does not mention the "grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1).  Third, although plaintiff's complaint requests that the Court "hear [his] case in [an] attempt to put [his] life back in

5

order[,]" and requests "a fair chance to seek restitution from all accountable parties[,]" Doc. Ent. 1 at 2-3 Sent. Nos. 27 & 36, plaintiff should set forth a demand for relief. *See* Fed. R. Civ. P. 8(a)(3).

Therefore, if the Court orders plaintiff to submit a more definite statement, the order should instruct plaintiff that any responding submission should take note of these rules and should warn plaintiff that a failure to comply with them may result in the dismissal of his case.

Additionally, if the Court orders plaintiff to submit a more definite statement, plaintiff should clarify his cause(s) of action. "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). *See also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002) ("an employment discrimination plaintiff need not plead a prima facie case of discrimination and that petitioner's complaint is sufficient to survive respondent's motion to dismiss.").

Furthermore, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e) ("Construing Pleadings."). *Cooper v. Brookshire*, 70 F.3d 377, 380 (5th Cir. 1995) (on appeal from district court's sua sponte dismissal without service of process, "technical forms of pleadings are no longer required[.]") (citing former Fed. R. Civ. P. 8(e)(1)); *Bayron v. Trudeau*, 702 F.2d 43, 45 (2d Cir. 1983) ("The magistrate and the district judge gave much too technical a reading to a pro se prisoner's complaint, particularly when the "nonoperative" allegations do make out a claim under § 1983.").

Plaintiff's complaint uses the terms "duty,"[3] "FAA regulations," "FAA guidelines," and

---

[3]Defendant notes plaintiff's "allegations of duty and allegations of breach of duty on the part of the Defendant." Doc. Ent. 4 at 5.

"negligence,"[4] and the civil cover sheet classifies the nature of this suit as "personal injury[.]" Even though a technical form is not required, and while I make no recommendation regarding plaintiff's compliance with Fed. R. Civ. P. 8(a)(2), plaintiff should be cautioned that any amended complaint may be subjected to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[5]

**3.**     However, the Court should deny without prejudice the Fed. R. Civ. P. 12(f) motion to strike pleadings to the extent it asks the Court to "require that any references to Defendant's insurance carrier or any alleged offers to compromise be stricken and/or removed from Plaintiff's Complaint in this matter[.]" Doc. Ent. 4 at 3-4, 9. Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Defendant argues that "[p]ursuant to [Fed. R. Evid.] 411,[6] Plaintiff's references to the

---

[4]"In order to make out a prima facie case of negligence, the plaintiff must prove the four elements of duty, breach of that duty, causation, and damages." *Brown v. Brown*, 478 Mich. 545, 552, 739 N.W.2d 313, 316-317 (Mich. 2007). Several of the sentences in plaintiff's complaint suggest that he is aware of these elements. For example, not only does plaintiff allege that "Southwest [A]irlines pilots did indeed act with negligence while operating flight 1352 from Chicago Midway to Detroit Metro International on August 7, 2007[,]" Doc Ent. 1 Sent. No. 32, but also he makes use of the words injury (i.e., Sent. Nos. 11-12), duty (i.e., Sent. No. 20), and cause (i.e., Sent. No. 15). Furthermore, plaintiff believes he can "prove to a jury that SWA operated outside the FAA guidelines[.]" Doc. Ent. 1 Sent. 29.

[5]Incidentally, the Court's website, www.mied.uscourts.gov, contains information for parties without counsel, including a link to a PDF document, "Filing Your Lawsuit In Federal Court."

[6]Defendant actually cites MRE 411 in this sentence. Doc. Ent. 4 at 7. However, "under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64[] (1938), federal law governs procedural issues,

Defendant's liability insurance carrier are improper as this evidence is generally inadmissible in this matter." Doc. Ent. 4 at 7. Citing Fed. R. Civ. P. 12(f), defendant argues that "[t]he fact that [it] has insurance coverage is 'immaterial' or 'impertinent.'" Doc. Ent. 4 at 7-8. Defendant requests that the Court "strike any reference to liability insurance from the Plaintiff's Complaint[.]" Doc. Ent. 4 at 8.

Citing MRE 408, but quoting Fed. R. Evid. 408(a), defendant notes that the complaint "contains a reference to an alleged offer to compromise made on behalf of the Defendant's insurance carrier to Plaintiff[,]" and "FRE 408 is clear that such evidence is inadmissible in this matter." It is defendant's position that "any reference to this alleged offer to compromise in Plaintiff's Complaint is improper and is prejudicial to the Defendant." Therefore, defendant requests that the Court "strike reference to this alleged offer to compromise from the Plaintiff's Complaint[.]" Doc. Ent. 4 at 8.

"Although motions to strike affirmative defenses pursuant to Rule 12(f) are generally disfavored, such motions are within the sound discretion of the district court." *Ameriwood Industries Intern. Corp. v. Arthur Andersen & Co.*, 961 F.Supp. 1078, 1083 (W.D. Mich. 1997) (citing cases). "[T]he action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to

---

including evidentiary rulings made pursuant to the Federal Rules of Evidence." *Gass v. Marriott Hotel Services, Inc.*, 558 F.3d 419, 425-426 (6th Cir. 2009) (citing *Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir.2002)). *See also Croskey v. BMW of North America, Inc.*, 532 F.3d 511, 517 n.3 (6th Cir. 2008) ("while state law governs substantive issues in diversity suits, federal law applies to procedural matters. The Federal Rules of Evidence constitute procedural rules. Therefore, except in limited circumstances not applicable herein, federal courts properly apply the Federal Rules of Evidence when ruling on the admissibility of evidence. In this case, however, both Michigan and federal law point to the same result.") (internal citations omitted).

strike should be granted only when the pleading to be stri[c]ken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted). *See also Hyland v. Homeservices of America, Inc.*, No. 3:05-cv-612-R, 2007 WL 1959157, *1 (W.D. Ky. June 28, 2007).

"In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corporation*, 551 F.2d 887, 893 (2d Cir. 1976) (citing cases). *See also Hyland*, 2007 WL 1959157 at *1 (citing *Lipsky*, 551 F.2d at 893). "Evidentiary questions . . . should especially be avoided at such a preliminary stage of the proceedings." *Lipsky*, 551 F.2d at 893. "Rule 12(f) should be construed strictly against striking portions of the pleadings on the grounds of immateriality, and if the motion is granted at all, the complaint should be pruned with care." *Id.* at 894 (citing cases).

Among the allegations in plaintiff's complaint are the statements that "[t]he airlines and their insurance carrier have insisted that this was a 'clear air event[,]' which means that it was unforeseen turbulence that can pop up out of nowhere[;]" "I tried to work out an agreement with Southwest's insurance carrier, United Aviation Underwriters Association, but their offers to settle would not even cover what I owe my former insurance company, much less cover my out-of-pocket and future medical bills[;]" "I have made every effort to work with USAU to no avail[;]" and "I have submitted all requests of information to Southwest Airlines and the USAU, but they have not reciprocated." Doc. Ent. 1 at 2, Sent. Nos. 23, 25, 26, 35.

It is true that Fed. R. Evid. 408 ("Compromise and Offers to Compromise")[7] and Fed. R. Evid. 411 ("Liability Insurance")[8] provide for the exclusion of certain types of evidence in certain circumstances. Although the first of plaintiff's aforementioned statements disputes the validity of plaintiff's claim, the others relate to plaintiff's alleged effort to resolve the claim. *Lehman Bros. Commercial Corp. v. China Intern. United Petroleum and Chemicals Co.*, Ltd., No. 94 CIV. 8304 (JFK), 1995 WL 380106, 3 (S.D.N.Y. June 26, 1995) ("If the discussions at issue do not dispute the amount or validity of the claim, but rather discuss only the terms of resolving that claim, Fed. R. Evid. 408 will not operate to exclude evidence of those discussions[,]" and "[w]here the validity or amount of a claim are not disputed, discussions surrounding the claim are not properly excluded by Fed. R. Evid. 408.") (citations omitted).

At this time, defendant's motion to strike should be denied without prejudice. Currently, this conclusion is apropos, because plaintiff's causes of action are not yet clear. However,

---

[7]Fed. R. Evid. 408 provides that "Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority." Fed. R. Evid. 408(a) ("Prohibited uses.").

It also provides that "[t]his rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b) ("Permitted uses.").

[8]"Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness." Fed. R. Evid. 411.

10

defendant should be permitted to renew this request following plaintiff's submission of a more definite statement or amended complaint and as the purpose for which this evidence would be used is clarified.

**4.** In sum, if the Court does not dismiss this complaint pursuant to E.D. Mich. LR 41.2, then it should require plaintiff to file an amended complaint which complies with the Federal Rules of Civil Procedure, particularly Fed. Rules Civ. P. 8(a) and 10(b).

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address

specifically, and in the same order raised, each issue contained within the objections.


| | |
|---|---|
| 9/23/09<br>DATE | s/Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 23, 2009.
>
> s/Eddrey Butts
> Case Manager