UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Duane Richard Slicker,

    Plaintiff,

v.

Southwest Airlines, a Texas Company,

    Defendant.
_____/

Case No. 09-11217

Honorable Nancy G. Edmunds

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDERS AND PROSECUTE HIS CLAIM**

This matter came before the Court on Defendant Southwest Airlines's motion to dismiss because of Plaintiff Duane Richard Slicker's failure prosecute this matter. (Dkt. 38.) Due to Plaintiff's failure to respond to the motion, even after the Court ordered a response, and his failure to respond to other Court orders, the Court grants Defendant's motion and dismisses Plaintiff's complaint with prejudice for failure to comply with the Court's orders or otherwise prosecute his claims. Because a one-sided hearing would be fruitless, the Court dispenses with a hearing and decides the motion on the brief and documents filed pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

**I.    Facts**

On April 1, 2009, Plaintiff filed a stream of consciousness pro se complaint against Defendant for injuries he allegedly suffered during a flight from Chicago to Detroit. (Dkt. 1.) On April 24, 2009, Defendant filed a motion for Plaintiff to provide a properly structured and pleaded complaint so that it could file an answer. (Dkt. 4.) On May 11, 2009, the

Court ordered Plaintiff to show cause why the Court should not dismiss his complaint for lack of subject matter jurisdiction, for failing to allege Defendant's place of incorporation and principal place of business. (Dkt. 7.) Almost five months later, on October 5, 2009, attorney Matthew C. Shepard filed an appearance on Plaintiff's behalf and filed an amended complaint. (Dkt. 10, 11.) The Court was eventually satisfied with its jurisdiction over the parties. (Dkt. 18.) Minimal progress occurred in the case over the next several months.

On June 10, 2010, Mr. Shepard filed a motion to withdraw as Plaintiff's counsel, citing a breakdown in his attorney-client relationship with Plaintiff. (Dkt. 34.) On June 15, 2010, the Court granted Mr. Shepard's motion. (Dkt. 36.) In that order, the Court also ordered Plaintiff either to obtain new counsel within thirty days of the order or submit a statement that he intended to proceed without counsel along with providing the Court with his current address and phone number. (*Id.*) Mr. Shepard personally served the order on Plaintiff. (Dkt. 37.) Plaintiff failed to comply with either of his options.

Two months later, on August 12, 2010, the Court ordered Plaintiff to comply with the June 15, 2010, "on or before August 26, 2010." (Dkt. 38.) The Court sent the order to the only address it had for Plaintiff. That order also provided that, if Plaintiff failed to comply, Defendant should file an appropriate motion by September 27, 2010. (*Id.*)

On September 9, 2010, Defendant filed this motion to dismiss due to Plaintiff's failure to comply with the Court's orders. (Dkt. 39.) Plaintiff failed to respond to the motion. On November 11, 2010, the Court ordered Plaintiff to respond on or before November 30, 2010. He failed to respond, yet again.

**II.     Analysis**

Both the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local Rules give the Court the authority to dismiss an action due to a party's failure to prosecute. Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2. Dismissal is within the Court's discretion due to a party's failure to prosecute. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 589, 589 (6th Cir. 2001). In exercising its authority, the Court considers the following factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary has been prejudiced by the proposed dismissed party's conduct; (3) whether the Court warned the proposed dismissed party that failure to comply could lead to dismissal; and (4) whether the Court imposed less drastic sanctions before it decided to dismiss the action. *Id.* (Citations omitted.) No single factor outweighs the others in the Court's decision; instead, the Court views the factors as guideposts in its determination. *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004).

When a court decides whether to dismiss an action for failure to prosecute, it may dismiss the action with or without prejudice. When a court dismisses an action with prejudice, it should do so "only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff." *Vinci v. Consolidated Rail Corp.*, 927 F.2d 287 (6th Cir. 1997) (internal quotation marks and citations omitted); *see also Muncy*, 110 F. App'x at 556. When a court dismisses an action without prejudice, it can apply the guidepost factors more leniently, "because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy*, 110 F. App'x at 556. (Citation omitted.)

Here, the Court finds that the facts warrant it to dismiss Plaintiff's complaint with prejudice. As to the first factor, the Court ordered Plaintiff to obtain new counsel or file notice with the Court that he was going to proceed without counsel; he neglected to do so,

despite personally receiving the order on June 21, 2010, almost six months ago. This failure evidences willfulness, bad faith, and fault. He also failed to comply with the Court's other orders requiring his response. (Dkt. 38, 40.) Plaintiff's disregard for the Court's orders is clear–his absence on the docket reflects his abandonment of this action.

Defendant is prejudiced by Plaintiff's inaction. Defendant should not have to bring motion after to motion to keep this action afloat while Plaintiff does nothing. Even when Mr. Shepard represented Plaintiff, Defendant had difficulty in getting discovery from Plaintiff and his counsel. (Dkt. 29.; Def.'s Mot. at 6.) Defendant therefore satisfies the second factor.

Defendant also satisfies the third factor–the Court warned Plaintiff. The Court sent notice to the only address it has for Plaintiff, warning him that his failure to obtain new counsel or notify the Court that he would proceed pro se would lead to Defendant's filling an "appropriate motion" for dismissal of his action. (Dkt. 38.)

Respecting the fourth factor, although the Court has not previously imposed a lesser sanction on Plaintiff, it still finds dismissal with prejudice appropriate due to Plaintiff's bad faith and the fact that he had notice to appear before the Court. *See Polk-Osumah v. Wayne County, Michigan*, 205 F.R.D. 199, (E.D. Mich. 2001) (Hood, J.) (citing *Knoll v. AT & T Co.*, 176 F.3d 359, 363-64 (6th Cir. 1999) for the proposition that a district court can dismiss an action with prejudice if the party receives notice and the trial court finds bad faith).

The Court therefore finds that the factors weigh in favor of dismissing Plaintiff's claim with prejudice.

**III.  Conclusion**

The Court therefore GRANTS Defendant's motion and DISMISSES Plaintiff's complaint with prejudice due to his failure to respond to this Court's orders and respond to Defendant's motion to dismiss.

                                                s/Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated: December 15, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 15, 2010, by electronic and/or ordinary mail.

                                                s/Carol A. Hemeyer
                                                Case Manager